UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CLAYTON LAMONT HOWARD,

6:15-cv-1994-JR

Plaintiff,

FINDINGS & RECOMMENDATION

v.

FOSTER GLASS, PEGGY GLASS,
ALEXANDER WHITE, KRISTIN MILLER,

Defendants.

RUSSO, Magistrate Judge:

Pro se plaintiff, Clayton Howard, filed this action in the small claims department of the Deschutes County, Oregon Circuit Court seeking $9,000 from attorney Foster Glass and his para legal Peggy Glass. The funds at issue are related to a disputed transaction between plaintiff and a client of Foster Glass. Foster Glass asserts that a current investigation into a mail fraud scheme requires him to hold the funds in trust until completion of the investigation. Plaintiff also names as defendants the federal agents behind the investigation. Federal defendants removed the action to this court. Pursuant to Fed. R. Civ. P. 12(b)(1), defendants now move for dismissal based on lack of

Page 1 - FINDINGS & RECOMMENDATION

subject matter jurisdiction. The court granted plaintiff's motion for extension of time to respond to the motions to dismiss. Plaintiff then moved to dismiss or sever several defendants, as well as to return funds or remand.

Pursuant to a small claims court complaint in Deschutes County, Oregon, plaintiff asserted he is owed nearly $9,000 in funds held in trust by Foster and Peggy Glass. Foster Glass represented Aaron Bostwick. The moving parties indicate there was a transaction between Bostwick and plaintiff while the two were in prison together regarding the sale of certain vehicles. The funds for the purchase of the vehicles were transferred to Foster Glass to hold in trust while the vehicles were to be delivered to plaintiff. Bostwick asserted entitlement to the funds, however plaintiff asserts he did not receive the vehicles and thus also claims entitlement to the funds.

The Federal Bureau of Investigation (FBI) and United States Postal Service (USPS) conducted an investigation, allegedly through defendants USPS Inspector Kristin Miller and FBI Special Agent Alexander White, into a mail fraud scheme involving inmates and false small claims. The government requested defendant Foster Glass hold the trust funds pending the investigation. The United States Attorney's Office for the District of Oregon declined to prosecute the case, and the FBI and USPS closed their investigations.

The FBI subsequently referred the case to the Oregon State Police for further investigation. Defendant Foster Glass asserts the Oregon State Bar instructed him to safeguard the funds until authorities tell him to whom the funds should be released.

Federal defendants move for dismissal asserting (1) the United States must be substituted as party defendant under the Federal Tort Claims Act (FTCA); and (2) this court lacks subject matter jurisdiction for failure to exhaust administrative remedies under the FTCA. Plaintiff does not oppose

Page 2 - FINDINGS & RECOMMENDATION

the motion and also moves to dismiss the federal defendants.[1] Accordingly, the federal defendants' motion to dismiss should be granted and defendants White and Miller should be dismissed without prejudice.

Absent the United States or any other federal defendant as a party to this action, this court no longer has jurisdiction. Plaintiff has not asserted a federal cause of action against defendants Foster and Peggy Glass nor does the court have diversity jurisdiction. See 28 U.S.C. § 1332(a) (granting jurisdiction over actions involving matters in controversy exceeding the value of $75,000 and between citizens of different states). To the extent the court may have had supplemental jurisdiction over the state law claims asserted against the remaining defendants, the court should decline to retain jurisdiction.

When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). The court has not invested its judicial energies to such an extent that would justify retaining jurisdiction. See Schneider, 938 F.2d at 994; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981). Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case. See Schneider, 938 F.2d at 994. In weighing issues of economy, convenience, fairness, and comity, the court should decline to retain supplemental jurisdiction over the remaining state law claims and this case should be

---

[1] Plaintiff seeks dismissal, without prejudice, as to defendant White to file a 42 U.S.C. § 1983 claim if necessary. The United States disputes, without argument, plaintiff's entitlement to a section 1983 action. The complaint fails to plead the elements of either a FTCA claim or a section 1983 claim, and pro se plaintiff has not been provided an opportunity to amend his claims. Accordingly, the court expresses no opinion as to the viability of any future section 1983 claim.

Page 3 - FINDINGS & RECOMMENDATION

dismissed.

## CONCLUSION

The United States' motion to dismiss (#12) should be granted and the court should decline to retain jurisdiction over the remaining state law claims. The matter should be remanded to the Circuit Court of Oregon for the County of Deschutes, Small Claims Department, and all other pending motions (including #8, #10, #22, #24, and #25) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 10th day of March 2016.

JOLIE A. RUSSO
United States Magistrate Judge

Page 4 - FINDINGS & RECOMMENDATION